**GROVE FRESH DISTRIBUTORS, INC., Plaintiff,**

**v.**

**FLAVOR FRESH FOODS, INC. and James E. Benton, Defendants.**

**No. 89 C 1114.**

United States District Court, N.D. Illinois, E.D.

Sept. 28, 1989.

Jeffrey C. Hines, Baltimore, Md., for plaintiff.

Bruce H. Weitzman, David J. Stetler, Linda J. Chiron, McDermott, Will & Emery, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Plaintiff's three-count complaint seeks recovery for defendants' alleged violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.,* the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* and the common law of unfair competition. In response to plaintiff's allegations, defendants argue that

plaintiff has failed to state a claim under the Lanham Act or RICO and, as a result, the court lacks jurisdiction over plaintiff's pendent unfair competition claim. Based on these arguments, defendants have moved to dismiss the complaint in its entirety. For the reasons stated herein, defendants' motion is granted in part and denied in part.

## FACTS

Plaintiff Grove Fresh Distributors, Inc. ("Grove Fresh") distributes orange juice and other food-related products. Defendant Flavor Fresh Foods, Inc. ("Flavor Fresh") manufactures and distributes orange juice; its president is defendant James E. Benton. All three counts in Grove Fresh's complaint arise out of defendants' distribution of a product which it has labeled and represented as "Flavor Fresh 100% Orange Juice from Concentrate." Grove Fresh alleges that the Flavor Fresh product contains various additives and adulterants, including sugar. Therefore, according to Grove Fresh, the Flavor Fresh product is not really "100% [pure] orange juice from concentrate" as defendants have represented it to be in Flavor Fresh correspondence, shipping orders, invoices, labels, and advertising.

Grove Fresh maintains that defendants' intentional misrepresentations concerning the composition of the Flavor Fresh product have caused confusion, deception, and mistake in the orange juice market. Grove Fresh further claims that this confusion has increased the sales of the Flavor Fresh product while hindering the sales of orange juice products distributed by Grove Fresh. Therefore, Grove Fresh seeks to recover the damages it has incurred and the profits Flavor Fresh has gained as a result of defendants' misrepresentations. Grove Fresh also seeks punitive damages, treble damages, and an injunction enjoining Flavor Fresh from further misrepresenting the nature of its product.

## DISCUSSION

### I. *Count I—Lanham Act*

In Count I, Grove Fresh alleges that Flavor Fresh has violated section 43(a) of the Lanham Act. That section provides:

Any person who shall ... use in connection with any goods ... any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods ... to enter into commerce ... shall be liable to a civil action ... by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

15 U.S.C. § 1125(a). Grove Fresh maintains that defendants' false descriptions and misrepresentations of the Flavor Fresh product as "100% orange juice from concentrate" are precisely the type of conduct proscribed by section 43(a). Therefore, Grove Fresh argues that Count I clearly states a claim under the Lanham Act.

Defendants, however, argue that although Count I purports to state a claim under the Lanham Act, the allegations in Count I amount to nothing more than an attempt to recover damages for a violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, and the regulations promulgated thereunder by the Food and Drug Administration ("FDA"). Defendants maintain that the "sole thrust" of Count I is that defendants violated 21 C.F.R. § 146.145, an FDA regulation establishing a specific definition of the term "orange juice from concentrate," and 21 U.S.C. § 343, an FDCA provision which prohibits misbranding of food. Defendants point out that under well-settled law, there is no private cause of action for civil damages under the FDCA. *See Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367, 370 (7th Cir.1976). Therefore, defendants urge the court to dismiss Count I of the complaint as "an obvious attempt to circumvent the express limitations of the FDCA through the guise of an alleged violation of the Lanham Act." Defendants' Memorandum, at 5.

The court is unpersuaded by defendants' argument. Simply put, defendants mischaracterize the nature of Count I. By its plain terms, Count I is based on a violation

of the Lanham Act. As Grove Fresh has noted, the broad wording section 43(a) of the Lanham Act prohibits exactly the type of misconduct which Count I alleges defendants committed—the misrepresentation and false description of the nature of a product. The fact that Grove Fresh refers to or relies on an FDA regulation defining orange juice to support its Lanham Act claim is not grounds for dismissal. Although courts have held that there is no private cause of action under the FDCA, Grove Fresh has not brought suit directly under the FDCA or its accompanying regulations. Grove Fresh relies on the FDA regulation merely to establish the standard or duty which defendants allegedly failed to meet. Nothing prohibits Grove Fresh from using the FDCA or its accompanying regulations in that fashion. *See Orthopedic Equipment Co. v. Eutsler*, 276 F.2d 455, 460 (4th Cir.1960).

Defendants urge the court to be guided by *Davis v. U.S.*, 722 F.2d 1157 (4th Cir. 1983), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984), in dismissing this action. *Davis*, however, is distinguishable from the instant case. In *Davis*, the plaintiff filed a complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.* The plaintiff sought damages he incurred as a result of an alleged violation of the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1251 *et seq.*, by a United States Air Force base. The Fourth Circuit upheld the district court's dismissal of the complaint because the FWPCA does not confer a private cause of action independent of a citizen's right to file a claim with the Environmental Protection Agency. The court stated:

> The complaint in this action posits the right of recovery solely on the FWPCA and contains no allegations of negligence or wrongful conduct on the part of the United States other than the alleged violations of the Act. Absent such allegations, the district court correctly held that the plaintiff had failed to state a claim upon which relief could be granted.

722 F.2d at 1158. In the instant case, in contrast, Grove Fresh does not base its claim solely on the FDCA or FDA regulations. Grove Fresh alleges that defendants have violated section 43(a) of the Lanham Act. Even without the FDA regulation defining "orange juice from concentrate," Grove Fresh could attempt to establish a violation of section 43(a). Grove Fresh would simply need to provide other evidence establishing the proper market definition of "orange juice from concentrate." Thus, Grove Fresh has asserted an independent basis for its claim—lacking in *Davis*—which is sufficient to sustain its cause of action under Count I.

## II. *Count II—RICO*

In Count II, Grove Fresh alleges that defendants violated section 1962(a) of RICO, which provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). Grove Fresh maintains that the numerous acts of wire fraud and mail fraud which defendants allegedly committed in misrepresenting the Flavor Fresh product constitute a pattern of racketeering activity in violation of section 1962(a).

■ The court, however, finds that Grove Fresh has failed to meet the proximate cause requirement of a RICO claim based on § 1962(a). Section 1964(c) of RICO, the provision which allows civil RICO recovery, sets forth a proximate cause requirement which must be satisfied in order to state a claim under RICO: plaintiff must allege that he was injured "by reason of" one of RICO's substantive prohibitions in section 1962. This court has recently held, in line with the majority position, that proper application of this proximate cause requirement mandates that a plaintiff who bases his RICO claim on sec-

tion 1962(a) cannot recover if he alleges only that he was injured by defendant's pattern of racketeering. In order to state a claim, the RICO plaintiff who bases his claim on a violation of section 1962(a) must allege that he was injured by reason of defendant's use or investment of the income allegedly derived from a pattern of racketeering. *Palumbo v. I.M. Simon & Co.*, 701 F.Supp. 1407, 1409–10 (N.D.Ill. 1988) (citing cases).[1]

In the instant case, Grove Fresh does not allege that the defendants' use or investment of the racketeering income proximately caused its injury. Instead, Grove Fresh alleges that "... the overall conduct of the [d]efendants constitute[s] a pattern of racketeering activity ... which has injured and harmed [Grove Fresh]." Complaint, para. 23. This allegation clearly claims injury by reason of the racketeering activity alone, not the use or investment of proceeds derived from the racketeering. The only reference in the complaint to defendants' use or investment of the racketeering proceeds is the following: "[d]efendants ... used or invested ... such income or its proceeds to operate their company engaged in interstate commerce." Complaint, para. 24. In *Palumbo,* this court held that allegations of reinvestment of the racketeering income back into the racketeering enterprise are insufficient to satisfy the proximate cause requirement of a RICO claim based on section 1962(a). *Palumbo,* 701 F.Supp. at 1411. Here, as in *Palumbo,* defendants' reinvestment of the income in this case cannot reasonably be deemed the proximate cause of the injuries sustained by Grove Fresh; the racketeering activity is the true proximate cause of the injuries. *Id.* Therefore, the allegations in Count II of the complaint are insufficient to state a RICO claim based on section 1962(a).

III. *Count III—Unfair Competition*

Defendants have moved to dismiss the pendent claim in Count III on the grounds that federal jurisdiction would be lacking in this case if the court dismissed the federal claims in Counts I and II. The court, however, has found that Grove Fresh states a claim under the Lanham Act in Count I. Therefore, defendants' argument with respect to Count III is inapplicable.

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss is granted with respect to Count II, but denied with respect to Counts I and III.

IT IS SO ORDERED.

---

**1.** Although the Seventh Circuit has not yet decided this issue, other Circuits faced with the issue have ruled in accord with this court. *See* *Rose v. Bartle,* 871 F.2d 331, 357–58 (3d Cir. 1989); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1149 (10th Cir.1989).