**Billy TURNER, et al., Plaintiff,**

v.

**UNION PLANTERS BANK OF SOUTHERN MISSISSIPPI, f/k/a Sunburst Bank, and Union Planters Corporation, Defendants.**

No. 2:96CV232PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

July 3, 1997.

---

Lawrence E. Abernathy, III, Laurel, MS, for Plaintiff.

W. Wayne Drinkwater, Jr., Shawn N. Sullivan, O. Stephen Montagnet, III, Lake Tindall, LLP, Jackson, MS, Terry L. Caves, Caves, Williamson & Caves, Laurel, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Defendants, Union Planters Bank of Southern Mississippi and Union Planters Corporation [hereinafter collectively referred to as "Union Planters"], for Summary Judgment. Plaintiff, Billy Turner, filed a complaint on behalf of himself and other similarly situated members of a proposed class, alleging violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"). In addition, Plaintiff has included pendent state law claims for breach of contract and violations of the Mississippi Motor Vehicle Sales

Finance Act ("MVSFA"). After careful consideration of Defendants' Motion, the pleadings, summary judgment evidence, stipulations of fact, briefs and arguments of counsel and the relevant legal authority, it is the opinion of the Court that Defendants are entitled to judgment as a matter of law upon Plaintiff's RICO cause of action and that the remaining state claims should be dismissed without prejudice.

### FACTS

On February 27, 1990, Billy Turner bought a used automobile from Walker Auto Sales. Turner agreed to pay 36 monthly installments in the amount of $245.13. Pursuant to the contract, Turner was required to provide insurance on the vehicle. In the event Turner failed to provide insurance, the contract allowed the holder to obtain collateral protection insurance ("CPI") coverage. Premiums paid by the holder would constitute an additional obligation under the contract. Walker Auto Sales assigned its interest in Turner's contract to the Sunburst Bank ("Sunburst"). During the life of the contract, Turner's monthly installments were late on 31 occasions. In addition, Sunburst was required to obtain CPI insurance when Turner's automobile policy was canceled for nonpayment. The CPI premiums were charged to Turner's account. Although Turner eventually paid the purchase price, finance charge, and all late charges, his automobile loan matured unpaid on March 10, 1993, as a result of the unreimbursed CPI insurance premiums.

On May 4, 1993, Turner executed a new note and security agreement with Sunburst for the payment of unreimbursed CPI insurance premiums. Turner's automobile was used as collateral for the new agreement. Under the terms of the agreement, Turner was to pay 27 monthly installments in the amount of $148.27. The new agreement also contained a provision for the assessment of late charges in the amount of $5.00 or 4% of the amount of the delinquent installment, whichever was greater. Turner failed to timely pay 26 of the 27 monthly installments. Consequently, Sunburst assessed Turner a late charge for each delinquency in an amount equal to 4% of the installment payment ($5.93). Turner eventually paid off the note and late charges. In 1995 Union Planters acquired Sunburst.

Turner contends that the assessment of each late charge in the amount of $5.93 was in effect a violation of the MVSFA, Miss. Code Ann. § 63–19–35. While Union Planters agrees that § 63–19–35 limits late charges to not more than $5.00, it counters that § 63–19–35 applies only to retail installment contracts and not to the type of refinance agreement entered into by Turner and Sunburst. According to Union Planters, the assessment of the late charges in excess of $5.00 is permitted under Miss. Code Ann. § 75–17–27.[1]

Turner has invoked the jurisdiction of this Court by including a RICO cause of action in his complaint. Specifically, Turner alleges that Defendants "conducted and participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity" by charging late fees that were in excess of the proscribed limits set forth in § 63–19–35 in violation of Title 18, United States Code, Section 1962(a). In support of his RICO claim, Turner contends that by mailing certain loan documents, including late charge "installment loan reminder notices," Defendants committed predicate acts of mail fraud.

### DISCUSSION

Fed. R. Civ. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate

---

1. Miss. Code Ann. § 75–17–27 provides in part:

A late payment charge, not exceeding Five Dollars ($5.00) or four percent (4%) of the amount of any delinquency, whichever is greater, if contracted for in writing, shall not be considered a finance charge, but no such charge shall be made unless such delinquency is more than fifteen (15) days past due....

the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant need not negate the non-movant's claims. Instead, movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate burden of proof at trial. *Id.* at 323–24, 106 S.Ct. at 2553. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25, 106 S.Ct. at 2553–54. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

*TURNER'S RICO CLAIM*

■ Turner has alleged a cause of action under the civil RICO statute, 18 U.S.C. § 1964(c). Specifically, he avers RICO violations under 18 U.S.C. § 1962(a). In this regard, he claims that the late charges levied by Sunburst were in violation of Mississippi law. Turner also alleges mail and wire fraud in violation of 18 U.S.C. § 1961(1) as predicate acts in support of his RICO cause of action. In this Circuit, the elements of RICO mail fraud are as follows: 1) a scheme to defraud by means of false or fraudulent representation, 2) interstate or intrastate use of the mails to execute the scheme, 3) the use of the mails by the defendant connected with the scheme, and 4) actual injury to the plaintiff. *In re Burzynski,* 989 F.2d 733, 742 (5th Cir.1993)(*citing Landry v. Air Line Pilots Ass'n Int'l,* 901 F.2d 404, 428 (5th Cir.), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990)). Assuming arguendo that the first three elements have been established, it is upon the fourth element that Plaintiff clearly falters.

■ The essence of a RICO violation under § 1962(a) is not the commission of predicate acts but the investment of racketeering income. Section 1962(a) provides:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

A violation of § 1962(a) consists of investing income derived from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise; the violation is not established by mere participation in predicate acts of racketeering. Accordingly, a RICO claim under § 1964(c) for violation of § 1962(a) must include injury to the plaintiff "by reason of" defendant's investment of racketeering income in an enterprise. *Ouaknine v. MacFarlane,* 897 F.2d 75, 82 (2d Cir.1990); *see also Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 494 (6th Cir.1990); *Rose v. Bartle,* 871 F.2d 331, 358 (3d Cir.1989). In *Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 584 (5th Cir.1992), the court held that "the causal language of section 1964(c) requires that the compensable injury stem from the violation of the RICO section in question, so any injury under section 1962(a) must flow from the use or investment of racketeering income." *See also Heller Financial, Inc. v. Grammco Computer Sales, Inc.,* 71 F.3d 518, 530 (5th Cir.1996)(concurring opinion)(holding that plaintiff had failed to prove an "investment injury" under § 1962(a)).

■ Plaintiff's allegations of injury are summarized in the RICO Statement[2] which contains the following language:

**9. Violation of 18 U.S.C. 1962(a )**

**b. Investment of income.** The charges which are added to the putative class members' loan balances or otherwise assessed to the borrowers were collected from the putative class members. Such profits were used by the defendant, upon information and belief, to replenish, in part, the operating and administrative costs of the defendants, and were otherwise reinvested

---

**2.** Plaintiff filed a pleading entitled "RICO Statement" which sets out the supporting elements of his RICO claims.

into the defendant for the normal operations (both legitimate and illegitimate) of the lenders, and/or distributed to the shareholders, officers, directors, and employees of Sunburst and Union Planters Corporation, in the form of dividends, salaries, bonuses, and capital gains.

In this way, the defendant **used** the income, in part, to provide the lenders with the financial means to perpetrate the racketeering scheme. The income derived from the pattern of racketeering activity was also used, in part, to replenish at least a part of Sunburst's own costs and expenses in connection with its participation in the scheme, as well as the general operating funds of the enterprise, which enabled the pattern of racketeering activity to continue.

RICO Statement, filed July 12, 1996, pp. 9–10. Accepting Plaintiff's RICO Statement allegations as true, they do not constitute an "investment injury" under § 1962(a). It is not sufficient to merely show that a defendant invested or used the income derived from its pattern of racketeering activity to facilitate its own general operations and that the continuing operation of the enterprise injured the plaintiffs. For example, in *Jiffy Lube International, Inc. v. Jiffy Lube of Pennsylvania, Inc.*, 848 F.Supp. 569 (E.D.Penn.1994), *aff'd*, 980 F.2d 723 (3rd Cir. 1992), the court held that "the use and investment of racketeering income [which] keeps the defendant alive so that it may continue to injure plaintiff is insufficient to meet the injury requirement of section 1962(a)." *Jiffy Lube Int'l*, 848 F.Supp. at 582, *citing Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1188 (3rd Cir.1993). In *Glessner v. Kenny*, 952 F.2d 702 (3rd Cir. 1991), the court held that allegations that the

defendant had "derived income from the fraudulent sale of units, and that racketeering profits were reinvested in the business," which in turn enabled further fraudulent sales, did not meet the investment injury requirement. *Glessner v. Kenny*, 952 F.2d at 709; *See also Grove Fresh Distributors, Inc. v. Flavor Fresh Foods, Inc.*, 720 F.Supp. 714, 717 (N.D.Ill.1989). A common sense reading of the undisputed facts discloses that Plaintiff was "injured," if at all, by the payment of late charges which, in the opinion of the Plaintiff, were excessive and not authorized by Mississippi law. This interpretation of the facts is supported by other portions of Plaintiff's RICO Statement.[3] It is the opinion of the Court that Plaintiff has failed to produce any summary judgment evidence which tends to show that he suffered an injury as a result of Defendants' investment of racketeering income; an essential element of a § 1962(a) claim.

*REMAINING STATE LAW CLAIMS*

■ Having adjudicated the only federal claim, it remains for the Court to consider whether it should retain supplemental jurisdiction over the pendent state claims.

[P]endent jurisdiction lies in consideration of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims, even though they are bound to apply state law to them.... Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Parker & Parsley Petroleum Co.*, 972 F.2d at 585, *citing United Mine Workers v. Gibbs,*

---

**3.** Plaintiff's RICO Statement contains the following language:

> **13. Direct Causal Relationship**
> ... Mr. Turner and each member of the putative class suffered actual damage in an amount equal to at least the amount of the excessive late fee that was added to plaintiff's loan balance, some or all of which was collected, in many cases, by the defendant, as well as other actual damages.
> **14. Injury**
> Defendant's pattern of racketeering activity inflicted discrete harms on Mr. Turner and the other members of the putative class. Mr. Tur-

ner was assessed unauthorized late charges in excess of Fifteen Dollars ($15.00). Such charges were arbitrary, capricious, and exceeded those charges authorized by Mississippi statutory law.

Each and every putative class member was taxed in this manner with unauthorized late fee charges. The costs and interest thereon were arbitrary, capricious, and violated Sunburst's contract. *Each and every putative class member was injured to the extent that he or she reimbursed the defendant for such unauthorized late fees.* RICO Statement, filed July 12, 1996, pp. 10–12 (emphasis added).

383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also Williams v. DiVittoria,* 777 F.Supp. 1332 (E.D.La.1991). Generally, "state claims should be dismissed once the basis for federal jurisdiction has been dismissed." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459,1465 (5th Cir.1995).

This Court expresses no opinion upon the merits of Plaintiff's quiescent state law claims. The litigation is in its early stages. Additionally, the gravamen of Plaintiff's case involves questions of interpretation of Mississippi statutes. Thus, the question of which of these two late charge statutes applies under the facts of this case will have to wait for a decision by the appropriate state tribunal.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, there exists no genuine issue of material fact and that Defendants, Union Planters Bank of Southern Mississippi, f/k/a Sunburst Bank, and Union Planters Corporation, are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56, upon Plaintiff's claim of violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1964(c), filed November 4, 1996, should be, and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that all remaining state law claims should be, and are hereby **DISMISSED WITHOUT PREJUDICE.**

### JUDGMENT

This day this cause came on for hearing before the Court on the Motion of the Defendants For Summary Judgment pursuant to FED. R. CIV. P. 56. The issues having been duly heard and considered and a decision having been duly rendered by separate Memorandum Opinion;

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, there exists no genuine issue of material fact and that Defendants, Union Planters Bank of Southern Mississippi, f/k/a Sunburst Bank, and Union Planters Corporation, are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56, upon Plaintiff's claim of violations of the Racketeer

Influenced and Corrupt Organization Act, 18 U.S.C. § 1964(c), filed November 4, 1996, should be, and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that all remaining state law claims should be, and are hereby **DISMISSED WITHOUT PREJUDICE.**