R.R. BRITTINGHAM, individually
and on behalf of all others
similarly situated

v.

MOBIL CORPORATION and Mobil
Oil Corporation d/b/a Mobil
Chemical Company, Inc.

R.R. Brittingham, Appellant in 90–1989.

Matthew D. ROAZEN, individually
and on behalf of all others
similarly situated

v.

MOBIL CORPORATION, Mobil Oil
Corporation d/b/a Mobil
Chemical Company

Matthew D. Roazen, Appellant
in 91–1019.

Jack DORF, individually and on behalf
of all others similarly situated

v.

MOBIL CORPORATION, Mobil Oil
Corporation d/b/a Mobil
Chemical Company

Jack Dorf, Appellant in 91–1025.

Beth DUNNINGTON, individually
and on behalf of all others
similarly situated

v.

MOBIL CORPORATION

Beth Dunnington, Appellant in 91–1034.

S.A. PONCET–PITKOW, individually
and on behalf of all others
similarly situated

v.

MOBIL CORPORATION

S.A. Poncet–Pitkow, Appellant
in 91–1035.

Leo GEIGER, individually and on behalf
of all others similarly situated

v.

MOBIL CORPORATION, Mobil
Oil Corporation d/b/a Mobil
Chemical Company, Inc.

Leo Geiger, Appellant in 91–1041.

Nos. 90–1989, 91–1019, 91–1025, 91–
1034, 91–1035 and 91–1041.

United States Court of Appeals,
Third Circuit.

Argued May 21, 1991.

Decided Aug. 23, 1991.

As Amended Aug. 30, 1991.

Rehearing and Rehearing In Banc
Denied Sept. 20, 1991.

C. Oliver Burt, III (argued), Greenfield & Chimicles, Haverford, Pa., for appellant, R.R. Brittingham.

Roberta D. Liebenberg, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, Pa., for appellant, Matthew D. Roazen.

Deborah R. Gross, Gross, Sklar & Metzger, Philadelphia, Pa., for appellant, Jack Dorf.

Phyllis C. Kaufman, Philadelphia, Pa., for appellant, Beth Dunnington.

Dianne M. Nast, Kohn, Savett, Klein & Graf, Philadelphia, Pa., for appellant, S.A. Poncet–Pitkow.

William E. Haggerty, Morgan, Hallgren, Crosswell & Kane, Lancaster, Pa., for appellant, Leo Geiger.

John B. Williams (argued), Karen M. Lockwood, Judith L. Oldham, Collier, Shannon and Scott, Washington, D.C., Charles J. Bloom, Kleinbard, Bell & Brecker, Philadelphia, Pa., for appellees, Mobil Corp., Mobil Oil Corp. d/b/a Mobil Chemical Co.

Before STAPLETON, SCIRICA and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

The district court granted summary judgment to defendants on the ground that plaintiffs failed to assert valid claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968 (1988). We will affirm.

### I.

In 1989, Mobil Chemical Company ("Mobil Chemical") began producing and marketing Hefty "degradable" garbage bags. Mobil Chemical is an unincorporated division of defendant Mobil Oil Corporation ("Mobil Oil"), which in turn is a wholly-owned subsidiary of defendant Mobil Corporation ("Mobil"). The degradable bags were advertised as being less harmful to the environment than other types of bags. The package in which the bags were sold contained the following statement:

New Hefty Degradable Trash Bags contain a special ingredient that promotes their breakdown after exposure to elements like sun, wind and rain.

This ingredient promotes degradation without harming the environment. Once these elements have triggered the process, the bags will continue to break down into harmless particles even after they are buried in a landfill. New Hefty Degradable Bags have the same strength and durability you've come to expect from Hefty, and you don't have to worry that they'll degrade sitting on your shelf or at the curb. These bags have been specially formulated so they're only activated by exposure to the elements. Hefty Degradable Bags—a step in our commitment to a better environment.

Plaintiffs are individual consumers who purchased the bags. Plaintiffs contend that these claims were false and misleading "because the bags will not degrade after being placed in a modern landfill, and the plastic will not even 'break down' into 'harmless particles' but will simply break into smaller plastic particles." Complaint at 7–8. Similar allegations are also the subject of investigations by federal and state officials. Plaintiffs filed a class action suit in district court against Mobil and Mobil Chemical, alleging violations of RICO and asserting various pendent state law claims.[1] The RICO claims asserted violations of 18 U.S.C. § 1962(a) and § 1962(c), and were predicated on alleged acts of mail and wire fraud committed by defendants in marketing the degradable bags. The RICO claims are the sole basis for federal jurisdiction.

Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The district court did not rule on that motion, but di-

---

1. Mobil Oil was later substituted for Mobil Chemical as a defendant. The parties have not alleged any legally relevant distinction between the two entities. In this opinion, we will refer to Mobil Chemical as a defendant because the pleadings generally use that name.

rected the parties to conduct discovery on the limited issue of whether plaintiffs could demonstrate facts sufficient to sustain the RICO claims. Following this discovery, defendants filed a motion for summary judgment as to the RICO counts. The district court granted this motion and dismissed the remaining counts for lack of subject matter jurisdiction. This appeal followed.

We may affirm the grant of summary judgment only if "after considering the record evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990). Our review is plenary. *Id.*

## II.

Under 18 U.S.C. § 1964(c), any person injured in his business or property by reason of a violation of § 1962 may recover treble damages and attorney's fees. Section 1962(c) provides in part that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . .

The issue here is not whether defendants have participated in a "pattern of racketeering activity," but whether the alleged "enterprise" is sufficiently distinct from the defendants.

A § 1962(c) violation requires a finding that the defendant "person" conducted or participated in the affairs of an "enterprise" through a pattern of racketeering activity. In *B.F. Hirsch v. Enright Refining Co., Inc.*, 751 F.2d 628, 633–34 (3d Cir.1984), we held that the "person" charged with violation of § 1962(c) must be distinct from the "enterprise." In addition to noting that the plain language of the statute provides that the person must be "employed by or associated with"—and therefore separate from—the enterprise, we stated that:

> One of the Congressional purposes in enacting RICO was to prevent the takeover of legitimate businesses by criminals and corrupt organizations. It is in keeping with that Congressional scheme to orient section 1962(c) toward punishing the infiltrating criminals rather than the legitimate corporation which might be an innocent victim of the racketeering activity in some circumstances.

*Id.* at 633–34 (citations omitted).

We reaffirmed this holding in *Petro–Tech, Inc. v. Western Co. of North America*, 824 F.2d 1349 (3d Cir.1987), where we noted that "§ 1962(c) was intended to govern only those instances in which an 'innocent' or 'passive' corporation is victimized by the RICO 'persons,' and either drained of its own money or used as a passive tool to extract money from third parties." *Id.* at 1359. In *Petro–Tech*, we extended the *Enright* rule, holding that a corporate "enterprise" cannot be held vicariously liable for the § 1962(c) violations of its employees, either for aiding and abetting, or under a theory of respondeat superior. We noted that a contrary holding would circumvent the holding in *Enright* by making the "victim" enterprise liable. We recognized that the enterprise may often benefit from the RICO violations, but noted that a plaintiff may recover only from the actual violators. *Id.* at n. 11.

In this case, plaintiffs sued Mobil and Mobil Chemical, rather than the individuals who may have committed the alleged fraud on behalf of these corporations. The § 1962(c) enterprise is alleged to be "[t]he association in fact of Mobil and Mobil Chemical, the advertising agencies engaged by them, including, without limitation, Wells, Rich, Greene, Inc., and other agencies which participated in the marketing of Hefty 'Degradable' trash and garbage bags and Kordite and Marketote 'degradable' bags." Complaint at 10–11. Under 18 U.S.C. § 1961(4), an enterprise may consist of a "group of individuals associated in fact although not a legal entity." However, this definition does not affect the separate inquiry into whether the alleged enterprise is distinct from the defendant. Plaintiffs

assert that since the "association-in-fact" enterprise is facially distinct from the defendants, the *Enright* rule is inapplicable. The district court disagreed. It noted that a corporation always acts through its employees and agents, and found that "[a]ccepting plaintiffs' contention would also be akin to 'read[ing] the enterprise requirement out of the statute entirely, whenever a corporate defendant is involved.'" Memorandum Op. at 13 (quoting *Gilbert v. Prudential–Bache Sec., Inc.*, 643 F.Supp. 107, 109 (E.D.Pa.1986)).

■■■■ We agree with the district court that the alleged enterprise is not distinct from the defendants for purposes of the *Enright* rule. We believe a § 1962(c) enterprise must be more than an association of individuals or entities conducting the normal affairs of a defendant corporation. A corporation must always act through its employees and agents, and any corporate act will be accomplished through an "association" of these individuals or entities. Consequently, the *Enright* rule would be eviscerated if a plaintiff could successfully plead that the enterprise consists of a defendant corporation in association with employees, agents, or affiliated entities acting on its behalf. The distinctiveness requirement ensures that RICO sanctions are directed at the persons who conduct the racketeering activity, rather than the enterprise through which the activity is conducted.

Therefore, we must examine the enterprise allegation to determine whether it is no more than an association of individuals or entities acting on behalf of a defendant corporation. Our decision is in accord with numerous courts that have rejected attempts to circumvent the distinctiveness requirement by alleging enterprises that are merely combinations of individuals or entities affiliated with a defendant corporation.[2]

This interpretation will not restrict the legitimate application of RICO. Plaintiffs note that the Court of Appeals for the Eighth Circuit has cautioned against dismissing claims against defendants that are also part of association-in-fact enterprises, stating that:

> A collective entity is something more than the members of which it is comprised. If five persons form an association in fact and engage in a pattern of racketeering activity such as drug smuggling and murder, an individual member could never be prosecuted for violating RICO under [this] reasoning because he or she would not be considered distinct from the enterprise.

*Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 995 (8th Cir.1989) (upholding enterprise allegation consisting of two non-defendant corporations and

---

2. *See, e.g., Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 139–141 (D.C.Cir.1989) (enterprise alleged as association of defendant union with its business agent and trustee), *adopted on reh'g*, 913 F.2d 948, 951 (D.C.Cir.1990) (en banc), *cert. denied*, —— U.S. ——, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991); *Old Time Enters., Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir.1989) (association of officers or employees conducting business of corporation is not distinct from corporation); *Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 23–24 (1st Cir.1988) (enterprise alleged as association of defendant insurance company, its subsidiaries, and employees); *NCNB Nat'l Bank v. Tiller*, 814 F.2d 931, 936 (4th Cir.1987) (parent of defendant bank), *overruled on other grounds, Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840–42 (4th Cir.1990) (in banc); *Atkinson v. Anadarko Bank and Trust Co.*, 808 F.2d 438, 440–41 (5th Cir.1987) (association of defendant bank, its holding company, and employees), *cert. denied,* 483 U.S. 1032, 107 S.Ct. 3276, 97 L.Ed.2d 780 (1987); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1290–92 (4th Cir.1982) (unincorporated division of defendant corporation), *overruled on other grounds, Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840–42 (4th Cir.1990) (in banc); *Moffatt Enters., Inc. v. Borden, Inc.*, 763 F.Supp. 143, 149 (W.D.Pa.1990) (association of defendant company, its employees, and advertising agency); *Newfield v. Shearson Lehman Bros.*, 699 F.Supp. 1124, 1127 (E.D.Pa.1988) (association of defendant company and two employees); *Hanline v. Sinclair Global Brokerage Corp.*, 652 F.Supp. 1457, 1462 (W.D.Mo.1987) (association of defendant corporation and three employees); *Gilbert v. Prudential–Bache Sec., Inc.*, 643 F.Supp. 107, 109 (E.D.Pa.1986) (association of defendant brokerage firm and its branches); *Tarasi v. Dravo Corp.*, 613 F.Supp. 1235, 1236–37 (W.D.Pa.1985) (association of defendant corporation and its agent).

three other corporations related to each other, two of which were defendants).

■ However, individual defendants, in contrast to collective entities, are generally distinct from the enterprise through which they act. Unlike a collective entity, it is unlikely that an individual defendant by himself would constitute a valid enterprise. *Cf. United States v. Benny*, 786 F.2d 1410, 1415–16 (9th Cir.) (sole proprietorship with four employees is distinct from defendant owner), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986). Thus, distinctiveness concerns are generally not present when an individual defendant is also part of an association-in-fact that constitutes the enterprise. *See, e.g., Jacobson v. Cooper*, 882 F.2d 717, 720 (2d Cir.1989) (upholding claims where individual defendants were named as part of association-in-fact enterprise); *United States v. Perholtz*, 842 F.2d 343, 353–54 (D.C.Cir.) (same), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). In the example used in *Atlas Pile Driving*, there is little doubt that the racketeers are distinct from the enterprise.

■ But when a defendant is itself a collective entity, it is more likely that the alleged enterprise is in reality no different from the association of individuals or entities that constitute the defendant or carry out its actions. Unlike individual defendants, a corporation can act only through its employees and agents. *Petro–Tech* holds that a defendant also named as an enterprise cannot be held vicariously liable for the actions of its employees. A plaintiff cannot circumvent this holding merely by alleging that the enterprise is an association in fact consisting of the defendant and individuals or entities acting on its behalf. Without allegations or evidence that the defendant corporation had a role in the racketeering activity that was distinct from the undertakings of those acting on its behalf, the distinctiveness requirement is not satisfied.

Plaintiffs rely primarily on a portion of *Petro–Tech* where we confronted an enterprise allegation consisting of an association-in-fact of the defendant Western corporation and its employees. We held that this allegation was sufficient to survive a motion to dismiss, noting that "[b]ecause Western is alleged to have attempted to benefit from its employees' activity, it is appropriate to allow the victims of that activity to recover." 824 F.2d at 1361. Plaintiffs assert that this language requires us to uphold the claims against the corporate defendants here.

We do not read *Petro–Tech* as broadly as plaintiffs suggest. *Petro–Tech* clearly reaffirmed the holding in *Enright* that a corporate enterprise, even though it may benefit from its employees' § 1962(c) violations, cannot be held liable for those violations. The *Petro–Tech* court clearly did not intend for plaintiffs to circumvent this rule merely by alleging the enterprise as an association-in-fact consisting of the corporation and the individual employees who acted on its behalf. Rather, *Petro–Tech*, which involved a motion to dismiss, held only that the allegation at issue was permissible under our liberal pleading requirements. It is theoretically possible for a corporation to take a separate "active" role in RICO violations also committed by its employees. The corporation would not be the passive victim of racketeering activity, but the active perpetrator. *See also Rose v. Bartle*, 871 F.2d 331, 359 (3d Cir.1989) (entity can be "person" with respect to some racketeering acts and "enterprise" with respect to others). We decline at this time to speculate on the precise circumstances that might give rise to such a claim.

■ Moreover, the *Petro–Tech* court recognized that claims will not always survive a motion to dismiss even when the defendant is facially distinct from the alleged enterprise. Even under the standards of Rule 12(b)(6), we upheld the dismissal of claims against Western when a Western subsidiary was named alternatively as the enterprise. *See* 824 F.2d at 1358–60 (dismissing vicarious liability claims against Western although Western Petroleum Services named alternatively as enterprise). Without additional allegations, therefore, a subsidiary corporation cannot constitute

the enterprise through which a defendant parent corporation conducts racketeering activity. Thus, *Petro–Tech* recognizes that in limited circumstances claims against a corporate defendant may survive a motion to dismiss even though the enterprise is an association-in-fact including the defendant, but that claims will be dismissed when the enterprise and defendant, although facially distinct, are in reality no different from each other.[3]

■ This case involves a motion for summary judgment, and it is therefore proper to look beyond the pleadings and examine the evidence regarding the actual relationship between the defendants and the alleged enterprise. The enterprise is alleged to consist of Mobil, Mobil Chemical, and their advertising agencies. Because Mobil and Mobil Chemical were named as defendants, neither one alone could be alleged as the enterprise. Moreover, as *Petro–Tech* indicates, plaintiffs could not name Mobil as the defendant and its subsidiary, Mobil Chemical, as the enterprise. We do not believe that the grouping of defendants with their advertising agencies changes the result. The advertising agencies were defendants' agents, and did no more than conduct the normal affairs of the defendant corporations. The defendant corporations were the actual entities through which the alleged racketeers carried out their fraudulent activity. Plaintiffs have produced no evidence indicating that the defendant corporations, in contrast to individuals or entities acting on their behalf, took a distinct role in the alleged racketeering activity. We therefore will affirm the dismissal of the § 1962(c) claims.

### III.

Plaintiffs also challenge the dismissal of their § 1962(a) claims. Under that section, it is unlawful for

> any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a) (1988). This provision was primarily directed at halting the investment of racketeering proceeds into legitimate businesses, including the practice of money laundering. *See, e.g.*, 116 Cong. Rec. 35,199 (1970) (remarks of Rep. St. Germain); 116 Cong.Rec. 607 (1970) (remarks of Sen. Byrd); 115 Cong.Rec. 6993 (1969) (remarks of Sen. Hruska).

Unlike § 1962(c), there is no requirement that a § 1962(a) defendant be distinct from the enterprise. *Petro–Tech*, 824 F.2d at 1360. Section 1962(a) does not contain any language requiring that the defendant be associated with or employed by the enterprise. However, § 1962(a) is directed specifically at the use or investment of racketeering income, and requires that a plaintiff's injury be caused by the use or investment of income in the enterprise. *Rose v. Bartle*, 871 F.2d 331, 358 (3d Cir.1989). Under § 1962(c), there is no such limitation. A plaintiff may recover under that provision for any injuries suffered as a result of a defendant's racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 493–500, 105 S.Ct. 3275, 3283–3287, 87 L.Ed.2d 346 (1985).

■ In this case, the complaint alleges that:

> Plaintiffs and the members of the plaintiff class suffered injury and financial damage to their business and property by reason of defendant's use or investment of income derived from their pattern of racketeering in the enterprise, which use or investment enabled the enterprise to continue its operations, and paid for defendants' perpetuation of their

---

3. Plaintiffs also rely on *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162 (3d Cir.1989), where the alleged enterprise consisted of an association-in-fact of three related corporate defendants. In that case, we noted that plaintiff satisfied § 1961(4) by pleading that the three companies had associated to form an enterprise. *Id.* at 1166. However, we did not discuss the distinctiveness requirement.

fraudulent activities, as a result of which plaintiffs and the members of the class have not received the goods they bargained for, and have paid excessive amounts of money for the goods they did receive.

Complaint at 10. Thus, plaintiffs' alleged injuries—paying higher prices—resulted directly from defendants' fraudulent activities. Plaintiffs allege injury from the use or investment of racketeering income only to the extent that reinvestment of the proceeds of prior frauds permitted defendants to continue their fraudulent scheme.

■ We agree with the district court that these allegations are insufficient to establish use or investment injury, and note that most other district courts have reached similar conclusions.[4] Particularly on a motion for summary judgment, mere recitals of injury due to use or investment will not suffice. A plaintiff must allege and prove more than a remote connection between the use or investment of racketeering income and the injury suffered. Although characterized as a rule of standing, *see Rose*, 871 F.2d at 357 n. 40, the use or investment injury requirement involves questions of causation. A civil RICO plaintiff may recover only if injured "by reason of" a § 1962 violation. 18 U.S.C. § 1964(c) (1988). A § 1962(a) violation occurs not when the defendant engages in the predicate acts, but only when he uses or invests the proceeds of that activity in an enterprise. Consequently, to recover under

§ 1962(a), the plaintiff must demonstrate that his injuries were proximately caused by that violation. Courts have similarly imposed a proximate cause requirement for § 1962(c) claims, although a plaintiff may recover under that section for injury caused by the predicate acts themselves. *See O'Malley v. O'Neill,* 887 F.2d 1557, 1561 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990); *Zervas v. Faulkner,* 861 F.2d 823, 834–35 (5th Cir.1988); *Brandenburg v. Seidel,* 859 F.2d 1179, 1189 (4th Cir.1988); *Sperber v. Boesky,* 849 F.2d 60, 64–65 (2d Cir.1988); *Haroco, Inc. v. American Nat'l Bank and Trust Co.,* 747 F.2d 384, 398 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985) (per curiam). *See generally* Note, *After* Sedima: *The Lower Courts' Use of Proximate Cause as a Limitation on Civil RICO,* 16 Del. J.Corp.L. 607 (1991).

■ Following traditional concepts of causation, we believe § 1962(a) requires the plaintiff to demonstrate that the use or investment of racketeering income was a "substantial factor" in causing the injury. As the Court of Appeals for the Second Circuit has held in connection with the § 1962(c) standing requirement, "the RICO pattern or acts proximately cause a plaintiff's injury if they are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence." *Hecht v. Commerce Clearing House, Inc.,*

---

**4.** *See, e.g., Princeton Economics Group, Inc. v. American Telephone & Telegraph Co.,* 768 F.Supp. 1101, 1106–07, (D.N.J.1991); *Uniroyal Goodrich Tire Co. v. Munnis,* Nos. 89–2690, 89–4584, 1990 WL 45367 at *3 (E.D.Pa., Apr. 12, 1990); *Williamson v. Simon & Schuster,* 735 F.Supp. 565, 568 (S.D.N.Y.1990); *Teti v. U.S. Healthcare, Inc.,* Nos. 88–9808, 88–9822, 1989 WL 157090 at *1 (E.D.Pa. Nov. 21, 1989), *aff'd mem.,* 904 F.2d 696 (3d Cir.1990); *Curley v. Cumberland Farms Dairy, Inc.,* 728 F.Supp. 1123, 1139 (D.N.J.1989); *Vista Co. v. Columbia Pictures Indus., Inc.,* 725 F.Supp. 1286, 1299–1300 (S.D.N.Y.1989); *Penn v. Alamo Rent-A-Car, Inc.,* 725 F.Supp. 1339, 1342–43 (E.D.Pa. 1989); *Grove Fresh Distributors, Inc. v. Flavor Fresh Foods, Inc.,* 720 F.Supp. 714, 716–17 (N.D.Ill.1989); *Blue Line Coal Co. v. Equibank,* No. 87–6150, 1989 WL 63203 at *2 (E.D.Pa. June 12, 1989); *Palumbo v. I.M. Simon & Co.,* 701

F.Supp. 1407, 1411 (N.D.Ill.1988); *Galerie Furstenberg v. Coffaro,* 697 F.Supp. 1282, 1288–89 (S.D.N.Y.1988); *In re Rexplore, Inc. Sec. Litig.,* 685 F.Supp. 1132, 1141–42 (N.D.Cal.1988); *DeMuro v. E.F. Hutton,* 643 F.Supp. 63, 67 (S.D.N.Y.1986). Plaintiffs have cited to contrary authority, which we do not find persuasive. *See Westinghouse Elec. Corp. v. Carolina Power & Light Co.,* Nos. 89–826, 89–1383, RICO Bus. Disp. Guide ¶ 7494 at 10,455, 1990 WL 107428 at *14 (W.D.Pa. May 2, 1990); *Bauder v. Ralston Purina Co.,* No. 89–6513, RICO Bus. Disp. Guide ¶ 7600 at 10,909, 1989 WL 143283 at *3–4 (E.D.Pa. Nov. 22, 1989); *Long Island Lighting Co. v. General Elec. Co.,* 712 F.Supp. 292, 297 (E.D.N.Y.1989); *King v. E.F. Hutton & Co.,* No. 86–0211, RICO Bus. Disp. Guide ¶ 6578 at 6840, 1987 WL 8733 at *10 (D.D.C. Mar. 13, 1987). *See also Blue Cross v. Nardone,* 680 F.Supp. 195, 198 (W.D.Pa.1988).

897 F.2d 21, 23–24 (2d Cir.1990). We believe the evidence is insufficient to create a material issue of fact as to whether defendants' use or investment of racketeering income was a substantial factor in causing plaintiffs to pay higher prices for the degradable bags. The causal connection is tenuous at best. The direct cause of plaintiffs' alleged injuries was the fraudulent conduct. Plaintiffs have neither alleged nor demonstrated a connection with the use or investment of racketeering income other than the normal reinvestment of corporate profits.

If this remote connection were to suffice, the use-or-investment injury requirement would be almost completely eviscerated when the alleged pattern of racketeering is committed on behalf of a corporation. RICO's pattern requirement generally requires long-term continuing criminal conduct. *See H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Over the long term, corporations generally reinvest their profits, regardless of the source. Consequently, almost every racketeering act by a corporation will have some connection to the proceeds of a previous act. Section 1962(c) is the proper avenue to redress injuries caused by the racketeering acts themselves. If plaintiffs' reinvestment injury concept were accepted, almost every pattern of racketeering activity by a corporation would be actionable under § 1962(a), and the distinction between § 1962(a) and § 1962(c) would become meaningless.

## IV.

We recognize that plaintiffs have been thwarted in their attempts to locate a "deep pocket" from which to satisfy RICO's treble damages penalty. Nevertheless, Congress directed that enterprises be protected from liability under § 1962(c), and precisely defined the scope of a § 1962(a) violation. Congress did not provide a private civil remedy comparable to the government's forfeiture powers under RICO's criminal provisions. *See* 18 U.S.C. § 1964 (1988). Assuming that plaintiffs could demonstrate a "pattern" and satisfy RICO's other requirements, they might have been able to sue individual defendants under § 1962(c). Plaintiffs may also have valid state law claims, but they cannot maintain a RICO action against defendants on the facts of this case.

Costs taxed against appellants.