

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-1994

# Gasoline Sales, Inc. v. Aero Oil Co., et al.

Precedential or Non-Precedential:

Docket 93-7555

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Gasoline Sales, Inc. v. Aero Oil Co., et al." (1994). *1994 Decisions.* Paper 174.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/174

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 93-7555


GASOLINE SALES, INC.

Appellant

v.

AERO OIL COMPANY; GETTY PETROLEUM CORPORATION;
....        JERRY T. LANK; ALVIN SMITH; RECO PETROLEUM, INC.



On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil Action No. 92-01771)


Argued March 1, 1994

BEFORE:  STAPLETON and SCIRICA, Circuit Judges, and
         SMITH, District Judge*

(Opinion Filed November 1, 1994)




                    Frederick J. Fanelli (Argued)
                    221 Mahantongo Street
                    Pottsville, PA 17901
                    Attorney for Appellant

                    Joseph M. Hankins (Argued)
                    Joseph A. Dougherty
                    BRITT, HANKINS, SCHAIBLE & MOUGHAN
                    Two Penn Center Plaza
                    Suite 515
                    Philadelphia, PA 19102
                    Attorneys for Appellees



*Honorable D. Brooks Smith, United States District Judge for the
Western District of Pennsylvania, sitting by designation.

OPINION OF THE COURT


STAPLETON, Circuit Judge:


Gasoline Sales, Inc. ("Gas Sales") sued three related corporations and officers of two of the corporations. Gas Sales alleged that the defendants injured Gas Sales in the course of violating the Racketeer Influenced and Corrupt Organizations ("RICO") chapter of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961-68. The district court dismissed Gas Sales' second amended complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief could be granted. Gas Sales appeals from this dismissal. It also appeals from the district court's ruling refusing to grant it leave to file a third amended complaint. The primary question raised on appeal is whether Gas Sales has satisfied the "person/enterprise" pleading requirement which we have held applies in RICO suits premised on 18 U.S.C. § 1962(c). See B.F. Hirsch v. Enright Refining Co., 751 F.2d 628 (3d Cir. 1984). We hold that Gas Sales has failed to satisfy this requirement, and we will therefore affirm the judgment of the district court.

## I.

## A.

Because the district court dismissed Gas Sales' second amended complaint at the pleading stage pursuant to Rule 12(b)(6), we must consider whether relief could be granted to Gas Sales "under any set of facts that could be proved consistent with the allegations" in its complaint. National Organization For Women, Inc. v. Scheidler, ___ U.S. ___, 114 S. Ct. 798, 803 (1994) quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The relevant allegations are as follows.

The defendants are a corporation, Getty Petroleum Corp. ("Getty"); Getty's two wholly-owned subsidiaries, Aero Oil Company ("Aero"), and Reco Petroleum, Inc. ("Reco"); Getty's senior vice-president, Alvin Smith; and Aero's general manager, Jerry T. Lank. Getty, Aero, and Reco are engaged in the leasing of retail gasoline stations and the sale of petroleum products. Getty acquired Aero in 1986, and acquired Reco on June 30, 1989.

Getty originally was incorporated under the name of Power Test Corporation ("Power Test"), but changed its name in 1985. Between 1982 and 1985, Getty -- then called Power Test -- violated New York State statutes by defrauding 182 New York gasoline-station lessees. In 1986, the New York Attorney General filed a civil suit against Getty on behalf of the 182 lessees. Getty settled the suit for a large monetary payment.

In 1990, in the District Court for the Eastern District of New York, a Getty subdivision named Getty Terminals Corp.

(which is not a party to this lawsuit) was convicted of tax evasion and conspiracy to defraud the United States.

From 1986 to 1991, in Pennsylvania and Maryland, the defendants have engaged in a widespread fraudulent scheme, through the use of both mail and wire communications, to induce the plaintiff Gas Sales and at least twenty others to enter into retail-gasoline-station lease-agreements with the defendants. Once the lessees entered into the contracts, the defendants would embark on a course of fraudulent conduct designed to render the retail gasoline-stations unprofitable and thereby "squeeze" the lessees out of business.

## B.

The district court had jurisdiction over Gas Sales' complaint pursuant to RICO, 18 U.S.C. § 1964(c). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II.

## A.

In 18 U.S.C. § 1964(c), RICO provides a private civil right of action to "any person injured . . . by reason of a violation of" the substantive RICO provisions contained in 18 U.S.C. § 1962. Gas Sales alleges that it was injured by violations of one of these substantive provisions -- section 1962(c). A "person" violates section 1962(c) by conducting an

"enterprise" through a pattern of racketeering activity.[1]

Sedima, S. P. R. L. v. Imrex Co., 473 U.S. 479, 496 (1985).

"Racketeering activity" is defined by RICO as any of a host of

enumerated crimes, including mail and wire fraud.  18 U.S.C.

§ 1961(1).  "Pattern" is defined as the commission of at least

two acts of "racketeering activity" within a ten-year period.

18 U.S.C. § 1961(5).

        The parties do not dispute whether Gas Sales has

alleged facts sufficient to satisfy the "racketeering" and

"pattern" elements of a section 1962(c) violation.  They dispute

whether Gas Sales has alleged facts sufficient to establish that

any of the defendants engaged in the "conduct of an enterprise."

Since B.F. Hirsch v. Enright Refining Co., 751 F.2d 628 (3d Cir.

1984), we have held that to plead a claim successfully under

section 1962(c), a complaint must be capable of being read to

allege that a "person" was "conducting a pattern of racketeering

through a separate and distinct enterprise."  Glessner v. Kenny,

952 F.2d 702, 714 (3d Cir. 1991) (emphasis added); see also Banks

v. Wolk, 918 F.2d 418, 421 (3d Cir. 1990); Kehr Packages, Inc. v.

Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991); Brittingham

_____

[1].  In its entirety, section 1962(c) states: "It shall be
unlawful for any person employed by or associated with any
enterprise engaged in, or the activities of which affect,

interstate or foreign commerce, to conduct or participate,

directly or indirectly, in the conduct of such enterprise's

affairs through a pattern of racketeering activity or collection

of unlawful debt."

v. Mobil Corp., 943 F.2d 297, 300 (3d Cir. 1991); Lorenz v. CSX Corp., 1 F.3d 1406, 1413 & n.4; Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993).

Gas Sales has pled that Getty, Lank, and Smith were "persons" who conducted the "enterprise" or "enterprises" of Aero and Reco.[2]  RICO's definitions of "person" and "enterprise" are quite broad.  Each includes human beings and legal entities, and "enterprise" also includes unofficial "associations" of human beings and/or legal entities.[3]  Thus, in RICO terms, any of the defendants could be a "person," and any of the defendants or any combination of the defendants could be an "enterprise."  However, under our precedents, none of the defendants is sufficiently distinct from the "enterprises" Aero and Reco to have conducted them within the meaning of section 1962(c).

**1.**

Only "persons" can be sued for violating RICO § 1962(c).  Petro-Tech, Inc. v. Western Co. of North America, 824 F.2d 1349, 1358 n.* (3d Cir. 1987).  Because Gas Sales has alleged that Aero and Reco were conducted as "enterprises" in violation of section 1962(c), and because we have held that enterprises cannot conduct themselves within the meaning of

[2].  Gas Sales has not stated whether it alleges Reco and Aero constitute one or two enterprises.

[3].  "Person" is defined to "include[ ] any individual entity capable of holding a legal or beneficial interest in property."  18 U.S.C. § 1961(3).  "Enterprise" is defined to "include[ ] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

section 1962(c), Gas Sales cannot sue Aero or Reco under section 1962(c).  B.F. Hirsch v. Enright, 751 F.2d at 633-34; Banks v. Wolk, 918 F.2d at 421; Kehr Packages, 926 F.2d at 1411.  For the same reason, Aero cannot be vicariously liable for any 1962(c) violation committed by Lank, its vice president, in conducting Aero through a pattern of racketeering.  Petro-Tech, 824 F.2d at 1351, 1358-60; Kehr Packages, 926 F.2d at 1411.

## 2.

We have also held that a corporation generally cannot be a defendant under section 1962(c) for conducting an "enterprise" consisting of its own subsidiaries or employees, or consisting of the corporation itself in association with its subsidiaries or employees.  Brittingham, 943 F.2d at 302-03; Glessner, 952 F.2d at 710-13; Lorenz, 1 F.3d at 1411-13.  This is because we have interpreted corporate identity expansively, so that the actions of a corporation's agents conducting its normal affairs are constructively its own actions for section 1962(c) purposes.  Brittingham, 943 F.2d at 302; Glessner, 952 F.2d at 710-12.  Under this "Brittingham rationale," Getty cannot be sued by Gas Sales for conducting its subsidiaries Aero and Reco any more than it could be sued for conducting itself.

We have hypothesized that a "narrow," "theoretical," and "rare" exception to the Brittingham rule might exist, when there are allegations that the defendant corporation "had a role in the racketeering activity that was distinct from the undertakings of those acting on its behalf."  Brittingham, 943 F.2d at 302; see also Glessner, 952 F.2d at 712; Lorenz, 1. F.3d

at 1413 n.4.  Gas Sales has not so alleged, however.  As the district court accurately recounted, Gas Sales has alleged that Getty and its two subsidiaries acted in concert in furtherance of a common scheme to defraud gasoline station lessees.  Gas Sales' complaints, far from distinguishing Getty's role in the scheme, closely identify Getty's actions with the actions of Aero and Reco.

### 3.

We have held that corporate employees who victimize their employer by draining it of its own money or using it as a passive tool to extract money from third parties are proper section 1962(c) defendants.  Glessner, 952 F.2d at 713.  Where the employees merely participate in the corporation's own fraud by acting as corporate agents, however, the employees may not be sued under section 1962(c).  Id. at 713-14.  We have stated that this interpretation of 1962(c) "avoids the absurd result that a corporation may always be pled to be the enterprise controlled by its employees or officers."  Id. at 713.

Gas Sales has not alleged that Smith and Lank profited personally from the conducting of Getty, Aero, or Reco's affairs beyond the compensation they receive for their services to the corporation or that they acted as anything other than Getty and Aero's agents.  Gas Sales therefore cannot sue Smith and Lank under section 1962(c).

**B.**

The third amended (i.e. fourth) complaint that Gas
Sales seeks to file, minimizes any allegation of an active
racketeering role by the subsidiaries Aero and Reco, and also
includes a new legal theory of liability for violation of RICO
§ 1962(b).[4]  The district court refused to permit the filing of
the amendment because it was repetitive, or, in the alternative,
because it was futile.  This was not an abuse of discretion.  See
Foman v. Davis, 371 U.S. 178, 182 (1962); Lorenz, 1 F.3d at 1413-
14; Glessner, 952 F.2d at 714.

First, as the district court stated, "three attempts at
a proper pleading is enough," and a "plaintiff has to carefully
consider the allegations to be placed in a complaint before it is
filed."  Dist. Ct. Mem. Op. at 12.  Gas Sales is not seeking to
add claims it inadvertently omitted from its prior complaints or
which it did not know about earlier.  Rather, Gas Sales is
modifying its allegations in hopes of remedying factual
deficiencies in its prior pleadings, even to the point of
contradicting its prior pleadings.

Second, regarding Gas Sales' section 1962(c) theory of
liability, the third amended complaint still contains sufficient

---

[4].  18 U.S.C. § 1962(b) states: "It shall be unlawful for any
person through a pattern of racketeering activity or through
collection of an unlawful debt to acquire or maintain, directly
or indirectly, any interest in or control of any enterprise which
is engaged in, or the activities of which affect, interstate or
foreign commerce."  Anyone injured by reason of a violation of
section 1962(b), may sue the violator pursuant to 18 U.S.C.
§ 1964(c).

allegations of concerted behavior by Getty, Aero, and Reco that it fails to establish that Getty played a distinctive and separate role in the alleged racketeering activity.

Finally, regarding section 1962(b), we have not yet decided whether the "person/enterprise" distinction is a necessary element of a violation of that section. <u>Lightning Lube</u>, 4 F.3d at 1190-91. Nonetheless, we need not resolve the issue now, because proof of a violation of that section requires a showing that the plaintiff was injured by the defendant's acquisition or control of an interest in an enterprise through racketeering. <u>Id.</u> at 1189-91. Gas Sales does not allege in its third amended complaint that it was injured by Getty's acquisition or maintenance of control over Aero and Reco, or that Getty's acquisition or maintenance of control over these subsidiaries was accomplished through racketeering. It would be futile, therefore, to permit Gas Sales to file its third amended complaint on section 1962(b) grounds.

## III.

For the foregoing reasons, the judgment of the district court will be affirmed.