

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# Guy's Mechanical Sys v. FIA Card Ser Natl

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1537

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Guy's Mechanical Sys v. FIA Card Ser Natl" (2009). *2009 Decisions.* Paper 1162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1537
_____

GUY'S MECHANICAL SYSTEMS, INC.,

Appellant

v.

FIA CARD SERVICES, N.A.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-00080)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 19, 2009

Before: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Opinion Filed:                    )

---

OPINION OF THE COURT

---

FUENTES, Circuit Judge:

Appellant Guy's Mechanical Systems, Inc. ("GMSI") seeks to recover damages

from FIA Card Services, N.A. ("FIA") in a civil action under § 1962(a) of the Racketeer

-1-

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, based on FIA's processing of checks that were embezzled by a GMSI employee. The District Court dismissed GMSI's suit for failure to state a claim, on the ground that GMSI had not sufficiently alleged an injury cognizable under § 1962(a), and also refused to allow GMSI to amend its complaint. For the reasons below, we will affirm the District Court's decision.

## I.

Our review of a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is de novo. Rodriguez v. Our Lady of Lourdes Med. Ctr., 552 F.3d 297, 302 (3d Cir. 2008). "As such, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. at 302-03 (citations and internal quotation marks omitted). We review the denial of a motion to amend a complaint for abuse of discretion. Toll Bros., Inc. v. Township of Readington, 555 F.3d 131, 137 (3d Cir. 2009).

The District Court had jurisdiction over this case under 18 U.S.C. § 1964(c). We have jurisdiction under 28 U.S.C. § 1291.

## II.

GMSI is a small company in western Pennsylvania that performs mechanical contracting services. Its principal owner, Wilbur Guy, has a credit card account with FIA

that he mainly uses for business purchases. GMSI's bookkeeper, Lorene Sinclair, embezzled money by having Guy endorse GMSI checks intended to pay off his credit card account, altering the checks to increase the amount to be paid (for example, adding a "6" to a check for $137.50 to make it appear to be for $6137.50), and using the checks to overpay on a FIA credit card account held by her husband. Sinclair would then collect cash refunds of those overpayments from FIA, channeling GMSI money into her pockets. This scheme went on for over ten years, enabling Sinclair to embezzle hundreds of thousands of dollars.

The embezzlement was discovered after FIA called GMSI's office to complain about Sinclair's consistent overpayment on her husband's account. Sinclair subsequently pled guilty to three counts of mail fraud. GMSI, meanwhile, sued FIA under 18 U.S.C. § 1962(a), which states:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Section 1962(a) "was primarily directed at halting the investment of racketeering proceeds into legitimate businesses, including the practice of money laundering." Brittingham v. Mobil Corp., 943 F.2d 297, 303 (3d Cir. 1991). In order to avoid overlap with 18 U.S.C. § 1962(c), which creates liability for any injury caused by a pattern of racketeering

-3-

activity, the Third Circuit has held that a claim under § 1962(a) "must allege an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate [racketeering] acts themselves." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1188 (3d Cir. 1993).

GMSI alleges in its suit that FIA participated in a predicate racketeering activity, money laundering, by providing refunds to Sinclair for more than ten years despite their suspicious nature. GMSI asserts that this behavior caused it direct loss when FIA deposited the fraudulent checks and invested its proceeds from those checks (the amount not refunded to Sinclair) in its business operations. FIA moved to dismiss GMSI's claims, prompting the District Court to raise the question of whether GMSI had adequately pled an "investment injury" separate from the predicate money laundering offense. The District Court ultimately decided that GMSI had failed to do so, and rejected GMSI's attempt to amend its complaint, concluding that the proposed amendments would not cure the pleading deficiency. GMSI timely appealed the District Court's ruling.

### III.

GMSI rests its appeal on the contention that FIA did in fact cause it an injury through the investment of racketeering proceeds. According to GMSI, FIA participated in the racketeering activity of money laundering by accepting Sinclair's fraudulent checks, even though the large size of her overpayments should have made it obvious that the checks were not legitimate, and then injured GMSI by cashing those checks and investing

the proceeds in its own business.

The flaw in GMSI's reasoning is that it does not identify any injury caused specifically by the use or investment of racketeering proceeds, as required under our interpretation of § 1962(a). Appellant makes every effort to cast FIA's cashing of GMSI checks as an investment of racketeering income, independent from the alleged money laundering that produced that income, that injured GMSI. However, it was in fact FIA's conversion of the checks provided by Sinclair into cash that provided it with its purported racketeering proceeds in the first place. The cashing of the checks cannot simultaneously have constituted both the step by which FIA realized its proceeds from Sinclair's embezzlement and the subsequent investment of those proceeds in a way that proximately caused an injury to GMSI. If that one discrete act were counted as both the production of racketeering income and the use of that income, then "the distinction between sections 1962(a) and 1962(c) would be blurred" in a way that undermines Congress's intent in creating the two separate provisions. Glessner v. Kenny, 952 F.2d 702, 709 (3d Cir. 1991). Therefore, as the District Court correctly reasoned, FIA's cashing of the checks may only be considered a part of the predicate racketeering offense of money laundering. Such predicate offenses are punishable under § 1962(c), not § 1962(a). See Lightning Lube, 4 F.3d at 1189.

GMSI does not attempt to argue that it suffered any other independent injury from FIA's investment or use of the checks. Nor would it be successful if it did so. As we have

-5-

made clear, the mere use of racketeering proceeds to support a business that continues to engage in the racketeering activities that produced those profits does not qualify as an investment injury for purposes of a § 1962(a) claim. See Brittingham v. Mobil Corp., 943 F.2d 297, 303-05 (3d Cir. 1991) (finding allegation that corporation's proceeds from racketeering activity enabled it to continue its fraudulent activities insufficient to support a claim under § 1962(a)). GMSI therefore cannot successfully plead a § 1962(a) claim. The District Court was correct both in dismissing the complaint and denying GMSI's motion to amend.

## IV.

For the foregoing reasons, we affirm the judgment of the District Court.