**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1236
_____

YUZZA HENDERSON,
                                        Appellant

v.

PHILADELPHIA HOUSING AUTHORITY, "PHA, et al"
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00129)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: March 25, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Yuzza Henderson appeals an order of the District Court granting a motion to dismiss her complaint for failure to state a claim. For the following reasons, we will affirm.

Henderson was employed by the Philadelphia Housing Authority ("PHA") from March 2017 to September 2020, when she "was terminated for three reasons: insubordination, neglect of duty[,] and unsatisfactory job performance." Am. Compl. 3, ECF No. 9. She then filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming that her termination was based on discriminatory conduct by PHA. See id. at 5. The EEOC declined to pursue the charge.

In January 2022, Henderson filed a complaint in the Eastern District of Pennsylvania, naming PHA as the defendant, attaching a right-to-sue letter from the EEOC, and alleging that PHA discriminated and retaliated against her in violation of federal and state laws. See ECF No. 1. The District Court dismissed this first complaint without prejudice to amendment, providing Henderson with detailed instructions on how to fix the existing pleading deficiencies. See generally Mem. Op., ECF No. 5.

Henderson filed an amended complaint, adding the names of individual defendants in the caption and some description of her claims, along with a narrative statement; PHA moved to dismiss. See generally ECF Nos. 9, 9-1 & 13. The District Court placed the case into a pool for pro bono attorneys but removed it after 90 days had passed and no attorney had volunteered to accept the appointment. See ECF Nos. 14 & 20. In July 2022, the District Court held a motions hearing and explained to Henderson that her complaint

2

still would not withstand a motion to dismiss. See Hr'g Tr. 9–10, ECF No. 45 (The Court: "You have to give the facts that you allege that give rise to the specific Claim that you're making . . . . And you have to describe in facts what each Defendant did that you're raising the Claim under."). The District Court then granted Henderson a continuance to obtain counsel and leave to file a second amended complaint. See Order, ECF No. 26. Unable to secure counsel, Henderson was granted more time to file her pro se second amended complaint, but she never did. In January 2023, the District Court granted PHA's motion and dismissed the operative amended complaint with prejudice. See ECF Nos. 40 & 41. Henderson appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) and may affirm on any basis supported by the record. See Host Int'l v. MarketPlace PHL, LLC, 32 F.4th 242, 247 n.3 (3d Cir. 2022) (citations omitted). To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pleadings of pro se plaintiffs are construed liberally. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). But "pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. at 245.

The District Court construed Henderson's amended complaint as raising claims under Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act for discrimination, retaliation,

3

and a hostile work environment, alongside allegations of federal due process violations and state-law claims of wrongful termination, breach of contract, and defamation. See ECF No. 40 at 9. First, we agree with the District Court that, "aside from naming the Individual Defendants in the heading of the Amended Complaint, Plaintiff does not identify any actionable conduct by the Individual Defendants." Id. at 23. Henderson makes vague references to individuals in the narrative "opening statement" filed alongside her amended complaint, but she never attributes any conduct to any person specifically by name. See generally ECF No. 9-1. We will accordingly affirm the District Court's conclusion that these allegations are not sufficient to state a claim against any individual. See ECF No. 40 at 24 (quoting Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible.")).

Second, Henderson failed to state a claim under federal law against PHA as to her remaining allegations. Henderson's discrimination and hostile work environment claims under Title VII fail because she never pleaded that she was a member of a protected class. Although the prima facie elements of a discrimination claim are "flexible and must be tailored to fit the specific context," Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797–98 (3d Cir. 2003) (per curiam), the plaintiff must generally plead facts that "raise[] an inference of discrimination," Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002) (citations omitted). "The central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color,

4

religion, sex, or national origin." Sarullo, 352 F.3d at 798 (internal quotation marks and citation omitted). Here, Henderson now asserts that "not only did [she] name the class . . . [she] named several others, in [her] amended complaint. The Judge unfortunately failed to acknowledge them." Appellant Br. 13, CA3 ECF No. 9 (ellipsis in original). But, even on appeal, she does not specify any protected class to which she belongs.

In dismissing her first complaint, the District Court thoroughly explained that Henderson had failed to allege her membership in a protected class, and the necessity of doing so in an amended complaint. See ECF No. 5 at 2, 4, 5–7 (citing, inter alia, E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444, 448–49 (3d Cir. 2015); Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001)). However, in the section of Henderson's subsequent amended complaint where there are blank spaces to check off and specify her membership in a protected class, she did not mark any available option. See ECF No. 9 at 3. Instead, she added a new line labeled "Other" and cross-referenced to "'A' pg 2 in this Doc [sic]." Id. At that location in the document, where litigants are prompted to enter a statement of their claims, Henderson added five "classes" of claims: "FMLA"; "Federal Employee"; "Wrongful Termination"; "Section 8 Resident"; and "FSS Homeownership Contractual Agreement Program." Id. at 2. But, as the District Court noted, the statutes under which Henderson seeks relief prohibit "employment discrimination based on race, color, religion, sex, sexual orientation, national origin, age, and disability." ECF No. 40 at 13 (citations omitted). Those are protected classes. The items labeled "classes" in Henderson's amended complaint are not protected classes.

5

The District Court gave separate treatment to Henderson's claims for retaliation based on constitutionally protected activity and under the FMLA, concluding in both instances that Henderson failed to plead a causal connection between exercising her rights and her termination. See ECF No. 40 at 14–17, 22–23. We agree that Henderson's amended complaint does not contain any facts specifying when (in relation to the timing of her prior suspension or eventual termination) she allegedly made reports to her superiors or human-resources representatives at PHA about purported misconduct or whether she was actively on FMLA leave when she was terminated.[1] Moreover, her EEOC charge was filed after her termination, so there could not be a causal relationship between the two, and she did not allege any times that she applied to or specifics about positions for which PHA failed to re-hire her after her termination and EEOC charge.

The District Court also correctly concluded that Henderson's amended complaint did not contain enough factual material to support the elements of a federal due process claim, even assuming she had named the proper party as a defendant. See ECF No. 40 at 17–20 (discussing requirements for claims raised under Monell v. Department of Social Services, 436 U.S. 658 (1978)).

---

[1] We also will affirm the District Court's dismissal of any claim of interference with Henderson's FMLA rights for the reasons explained in its opinion. See ECF No. 40 at 21–22 (citing, inter alia, Callison v. City of Phila., 430 F.3d 117, 120 (3d Cir. 2005)).

Third, the District Court properly declined to exercise supplemental jurisdiction over any state-law claims after dismissing the federal claims discussed above. See ECF No. 40 at 24–26 (citing, inter alia, 28 U.S.C. § 1367(c)).

Finally, the District Court appropriately dismissed the amended complaint with prejudice after giving Henderson instructions on and opportunities for further amendment, then extending the time to do so. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (explaining that a district court must inform a plaintiff that she has leave to amend a complaint subject to a motion to dismiss and set a time, then "may dismiss the action if the plaintiff does not submit an amended pleading within that time"); Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 74 (3d Cir. 1994) ("A plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed." (cleaned up)).

For these reasons, we will affirm the judgment of the District Court. Furthermore, we have considered each of Henderson's pending motions filed in this Court and, in light of our disposition of this appeal, they are denied.